**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIRIAN SCHVOM, et al.,**<br>　　　**Plaintiffs,**<br>　　　v.<br>**MCNEIL-PPC, INC.**<br>　　　**Defendant.**<br>------------------------------------------------------ | **CIVIL ACTION NO. 02-4093**<br><br>------------------------------------------------------ |
| **INTERNATIONAL BROTHERHOOD OF**<br>**ELECTRICAL WORKERS, LOCAL NO.**<br>**2270,**<br>　　**Plaintiff,**<br>　　　v.<br>**MCNEIL-PPC, INC.**<br>　　　**Defendant.**<br>------------------------------------------------------ | **CIVIL ACTION NO. 02-4105**<br><br>------------------------------------------------------ |
| **ANDREW BEHREND,**<br>　　**Plainitff,**<br>　　　v.<br>**MCNEIL-PPC, INC.**<br>　　　**Defendant.**<br>------------------------------------------------------ | **CIVIL ACTION NO. 02-4149**<br><br>------------------------------------------------------ |
| **ROBERT K. ALDERMAN,**<br>　　**Plainitff,**<br>　　　v.<br>**MCNEIL-PPC, INC.**<br>　　　**Defendant.**<br>------------------------------------------------------ | **CIVIL ACTION NO. 02-4180**<br><br>------------------------------------------------------ |
| **CYNTHIA B. GOEPEL,**<br>　　**Plaintiff,**<br>　　　v.<br>**MCNEIL-PPC, INC.**<br>　　　**Defendant.** | **CIVIL ACTION NO. 02-4197** |

**O R D E R**

**AND NOW,** this 8th day of July, 2002, it is hereby **ORDERED** as follows:

　　　1.　　　<u>SERVICE</u>.  **COUNSEL FOR PLAINTIFF SHALL SERVE A COPY**

**OF THIS ORDER UPON COUNSEL FOR THE DEFENDANT AS SOON AS THE**

**IDENTITY OF COUNSEL IS LEARNED.** Service of the Complaint shall be completed so as not to delay the implementation of this Order.

        2.      <u>PRETRIAL CONFERENCE</u>. A pretrial conference in the above captioned case will be held on **October 8, 2002,** at 9:00 A.M., before JUDGE MARVIN KATZ, in Chambers, Room 13613, U.S. Courthouse, 601 Market Street, Philadelphia, PA.

        The conference shall be attended by trial counsel prepared and authorized to discuss all legal issues, trial matters and settlement.

        In order to have a useful pretrial conference, as well as just, speedy, and inexpensive determination of the action, plaintiff(s) and defendant(s) shall exchange on a mutually agreed time and date at least five days before the conference:

        (a)      Copies of all material documents under their control;

        (b)      The names and addresses of all persons believed to have material information and a summary of that information;

        (c)      Statements informing the opposing party of the material information possessed by persons under its control, such as the individual parties and their managing agents;

        (d)      Witness statements, subject to an articulated, specific claim under the work product and privilege rules, containing a description of the subject matter of the claim. Counsel are encouraged to agree on joint telephone interviews of significant witnesses before the pretrial conference;

        (e)      Expert reports. With respect to any witnesses expected to give expert testimony at trial the following shall be served:

2

i. written report prepared and signed by the expert containing a complete statement of all opinions to be expressed and the basis and reasons therefore;

ii. the data or other information considered by the witness in forming the opinions;

iii. any exhibits to be used as support for the opinions;

iv. the qualifications of the witness, including a list of publications authored by the witness within the preceding ten years;

v. the compensation arranged for the study and testimony; and

vi. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

3.      SETTLEMENT.  Representatives of the parties with authority to bind them in settlement shall attend the pretrial conference.  The parties shall be reasonably available by telephone in order to discuss possible settlement of the dispute.

4.      DISCOVERY CUTOFF.  Discovery shall be completed by **October 9, 2002.** Any amendments to the pleadings, joinder of additional parties, or motions shall be undertaken and concluded so as not to delay the completion of discovery by the specified date.

5.      SUMMARY JUDGMENT MOTIONS AND MOTIONS IN LIMINE.  Any motions for summary judgment or motions in limine shall be filed within ten days, including weekends and holidays, from the end of the discovery period.

Upon any motion for summary judgment pursuant to Fed. R Civ.P. 56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

3

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party may be taken by the court as admitted unless controverted by the opposing party.

6.    <u>PLAINTIFF'S PRETRIAL MEMORANDUM</u>.    The plaintiff's pretrial memorandum under Local Rule 16.1(c) shall be filed within ten days, including weekends and holidays, of the end of the discovery period.  The plaintiff shall file one copy of record and deliver two courtesy copies to chambers.

7.    <u>DEFENDANT'S PRETRIAL MEMORANDUM</u>.    The defendant's pretrial memorandum under Local Rule 16.1(c) shall be filed within twenty days, including weekends and holidays, of the end of the discovery period.  The defendant shall file one copy of record and deliver two courtesy copies to chambers.

8.    <u>TRIAL BRIEFS</u>.    The parties shall file one copy of record and submit two courtesy copies of trial briefs covering legal issues likely to arise at trial.  Trial briefs shall be filed with the respective pretrial memoranda.

9.    <u>POINTS FOR CHARGE AND JOINT JURY QUESTIONS</u>.  Parties in jury trials shall file one copy of record and submit three courtesy copies of proposed, numbered points for charge,

including authorities with precise, pinpoint page citations. The parties shall file these papers with their respective pretrial memoranda. In addition, counsel shall submit a jointly prepared proposed verdict sheet. To the extent counsel cannot agree as to content, counsel shall submit alternative drafts. The submission shall not be a waiver of contentions that there is insufficient evidence to submit such issues to the jury. In drafting the jury questions for the proposed verdict sheet, counsel are to bear in mind that the key is simplicity in wording and organization so that the final draft contains the fewest number of questions necessary for a verdict. The parties shall file one copy of record and two courtesy copies of the jointly prepared proposed verdict sheet within twenty days, including weekends and holidays, of the end of the discovery period.

10. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>. Parties in nonjury trials shall file one copy of record and submit three courtesy copies of proposed findings of fact and conclusions of law, including authorities with precise, pinpoint page citations. The parties shall file these papers with their respective pretrial memoranda.

11. <u>COMPUTER DISKS</u>. In addition to their written submissions, if possible, the parties are requested to submit their proposed points for charge or proposed findings of fact and conclusions of law on a WordPerfect compatible computer disk (3½" or 5¼").

12. <u>UNCONTESTED FACTS</u>. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts in accordance with the procedure set forth in Local Rule of Civil Procedure 16.1(d)(2)(b)(2). The parties shall file one copy of record and submit three courtesy copies of the jointly prepared stipulation of uncontested facts within twenty days, including weekends and holidays, of the end of the discovery period.

13.    <u>TRIAL EXHIBITS</u>.  All trial exhibits shall be marked and exchanged by the time discovery is to be completed.

14.    <u>TRIAL POOL</u>.  The case shall be placed in the trial pool on **November 13, 2002**, to be called for trial upon 24 hours telephone notice.

15.    <u>TRIAL PROCEDURE</u>.  The following should guide counsel at trial:

a)    Counsel are expected to select a jury promptly without arguing the case to the panel.

b)    In general, the court discourages side bar conferences because they are usually unnecessary.  If counsel feel that a side bar is absolutely necessary, they shall state the side bar general purpose so that the court may decide whether one is in fact necessary.

c)    It is not necessary to ask permission to approach a witness.

d)    Counsel are expected to have their witnesses available, either in the courtroom or in the witness room located outside the courtroom.  Please instruct your witnesses to speak slowly, distinctly and loud enough for all to hear. Examinations should be limited to direct, cross and re-direct unless there are exceptional circumstances.

e)    Counsel should use the podium for opening and closing statements.

f)    Counsel should move all exhibits in a clear voice, identifying each by name and/or number.  If there is no objection, exhibits are automatically admitted.

g)    Counsel are expected to edit trial depositions to remove superfluous material.

h)    Counsel shall submit Rule 50 motions in writing.

6

i)     At the close of trial, exhibits are released to the custody of the party who offered

them and should be picked up within 24 hours.


**BY THE COURT:**


_____

**MARVIN KATZ, S.J.**